# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTORANA,<br><br>          Petitioner,<br><br>     v.<br><br>K. MENDOZA-POWERS, Warden,<br><br>          Respondent. | 1:07-CV-01203 AWI DLB HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>[Doc. 1] |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   Petitioner filed the instant petition for writ of habeas corpus on August 17, 2007. Petitioner does not challenge his underlying conviction; rather, Petitioner challenges the Governor's reversal of his parole grant.

   On the form petition, Petitioner indicates that he sought review at the Tulare County Superior Court and California Court of Appeal for the Fifth Appellate District. However, it is not clear whether Petitioner has exhausted his claim to the California Supreme Court.

   A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

1  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

2      A petitioner can satisfy the exhaustion requirement by providing the highest state court
3  with a full and fair opportunity to consider each claim before presenting it to the federal court.
4  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
5  829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair
6  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
7  factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
8  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
9  Additionally, the petitioner must have specifically told the state court that he was raising a
10 federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
11 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court
12 violated his due process rights "he must say so, not only in federal court but in state court."
13 Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

14     Because it is unclear if the claim presented in the instant federal petition for writ of
15 habeas corpus was exhausted in the state's highest court, Petitioner will be ordered to show cause
16 regarding exhaustion.  If possible, Petitioner should present to the Court documentary evidence
17 that the claim was indeed presented to the California Supreme Court.[1]

18     Accordingly, it is HEREBY ORDERED that:

19     1.    Within thirty (30) days from the date of service of this order, Petitioner shall show
20     cause as to what claims, if any, were presented to the state's highest court.

21     2.    Failure to comply with this order may result in the action be dismissed for failure
22 IT IS SO ORDERED.

23     Dated:   **August 31, 2007**           /s/ **Dennis L. Beck**
                                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.