# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTORANA,<br><br>　　　　　　　　　　　Petitioner,<br>　vs.<br>K. MENDOZA-POWERS, Warden,<br>　　　　　　　　　　　Respondent. | CASE NO. 1:07cv1203-IEG<br><br>Order Denying Motion for Stay Pending Appeal; Granting Temporary Stay |

　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging Governor Arnold Schwarzenegger's August 25, 2006 decision reversing the Board of Parole Hearing's 2006 grant of parole to Petitioner. On June 17, 2010, the Court granted the petition and ordered Respondent to release Petitioner within thirty (30) days on such terms and conditions that the Board determined appropriate.

　　　Respondent has filed a notice of appeal and a motion to stay the decision pending appeal. Alternatively, Respondent asks the Court to issue a temporary stay to allow him to seek relief from the Ninth Circuit Court of Appeals. Petitioner has filed an opposition to the motion to stay.

### *Legal Standard*

　　　Rule 62(c) of the Federal Rules of Civil Procedure provides: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." More particularly applicable to this case, Fed. R. App. Proc. 23(c) provides that "[w]hile a decision ordering the release of a prisoner is under review, the

1 prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the
2 Supreme Court, or a judge or justice of either court orders otherwise – be released on personal
3 recognizance, with or without surety." In determining whether to release a successful habeas
4 corpus petitioner from custody pending appeal, the court must apply the same factors traditionally
5 considered in deciding whether to stay judgment in a civil case. Hilton v. Braunskill, 481 U.S.
6 770, 775 (1987).

7 The traditional standard applied by district courts to determine whether to grant a stay in a
8 civil action is akin to the one used to decide whether a preliminary injunction should be issued.
9 Winter v. Nat. Res. Def. Council, Inc., -- U.S. --, 129 S.Ct. 365, 376 (2008). The Court may issue
10 a stay upon consideration of four factors: "(1) whether the stay applicant has made a strong
11 showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably
12 injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties
13 interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, – U.S. –, 129
14 S.Ct. 1749, 1761 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The first two
15 factors are the most critical. Nken, 129 S.Ct. at 1761.

16 *1. Likelihood of success on the merits*

17 Respondent has failed to make a strong showing of likelihood of success on the merits of
18 his appeal. In support of his motion, Respondent argues that the district court erred in applying the
19 "some evidence" standard as a matter of federal due process, that there is no federal due process
20 right implicated by the review of parole decisions, and that Hayward v. Marshall, 603 F.3d 546 (9th
21 Cir. 2010) (en banc) is not clearly established federal law. The Ninth Circuit has squarely rejected
22 these arguments. Pearson v. Muntz, 606 F.3d 606, 609 (9th Cir. 2010) (finding that application of
23 the "some evidence" standard to parole determinations is mandated by clearly established federal
24 law); Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010) (same).

25 *2. Irreparable injury*

26 Respondent argues the order requiring Petitioner to be released would cause irreparable
27 injury because it usurps the Governor's authority to determine parole suitability. Even assuming
28 the Governor's unsuitability finding violated Petitioner's right to due process, Respondent argues

the proper remedy is not release. Instead, Respondent argues the matter should be remanded for a new gubernatorial review. Again, however, the Ninth Circuit has held that where the Board or Governor's determination of parole unsuitability was unsupported by any evidence in the record, immediate release may be the appropriate remedy. Cooke, 606 F.3d at 1216 (reversing and remanding with instructions to grant the writ); Pearson, 606 F.3d at 612 (declining to further stay district court's order requiring Respondent to release Petitioner within thirty days); McQuillion v. Duncan, 342 F.3d 1012, 1016 (9th Cir. 2003) (district court did not err in ordering Warden to immediately release Petitioner, rather than hold new rescission hearing).

### 3. *Substantial injury to Petitioner*

Respondent argues Petitioner is serving an indeterminate life term, such that his continued incarceration is not a significant hardship. However, the Board in March of 2006 determined Petitioner was eligible for immediate release. Each day of Petitioner's continuing confinement thereafter, which is unsupported by any evidence that he poses a danger to society, constitutes a significant constitutional injury.

### 4. *Public Interest*

Finally, Respondent argues public safety militates in favor of a stay, citing the Governor's findings that Petitioner was unsuitable for parole based upon his commitment offense, his history of substance abuse, and his prison disciplinary record. Respondent has not, however, come forward with any evidence not apparent in the record, which would demonstrate Petitioner poses a current risk of danger to society.[1]

### ***Conclusion***

Respondent has failed to demonstrate that the relevant factors support a stay of the Court's order granting the writ and ordering Petitioner to be released. Therefore, the Court DENIES Respondent's motion for a stay pending appeal.

///

///

---

[1] In Petitioner's opposition to the motion to stay, filed on July 13, 2010, Petitioner indicates the Board once again found Petitioner suitable for parole in 2009, a decision which the Governor once again reversed.

1 | Nonetheless, because Respondent presents substantial questions for review on appeal, the
2 | Court GRANTS a temporary stay, for fourteen (14) days, to allow Respondent time to seek a stay
3 | pending appeal from the Ninth Circuit pursuant to Fed. R. App. Proc. 8(a)(2)(A)(ii).

**IT IS SO ORDERED**.

**DATED:  July 14, 2010**

                                                            _____
                                                            **IRMA E. GONZALEZ, Chief Judge
                                                            United States District Court**